United States District Court
Southern District of Texas
**ENTERED**
July 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EDINBURG UNITED POLICE OFFICERS ASSOCIATION, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00137 |
| | § | |
| CITY OF EDINBURG, TEXAS, | § § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Plaintiff, Ediburg [sic] United Police Officers Association's Motion to Remand,"[1] Defendant's response,[2] and Plaintiff's reply.[3] After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion to remand.

### I.  BACKGROUND AND PROCEDURAL HISTORY

This is a labor dispute. In 2018, City of Edinburg, Texas, police officers represented by Plaintiff Edinburg United Police Officers Association executed an agreement, pursuant to Texas Local Government Code Chapter 142,[4] controlling the "wages, salaries, rates of pay, hours of work, and other terms and conditions" for employees of the Edinburg Police Department.[5] When a new chief of police began to pursue changes in the police department in 2019, the parties' relationship soured.[6] Plaintiff alleges that the police chief made personnel decisions, such as suspending certain police officers or assigning them to undesirable shifts, based on their opposition to the chief's decisions or because of the police officers' membership with Plaintiff

---

[1] Dkt. No. 4.
[2] Dkt. No. 7.
[3] Dkt. No. 8.
[4] *See* TEX. LOC. GOV'T CODE ANN. §§ 142.051–.068 (West 2020).
[5] Dkt. No. 1-1 at 2, ¶ 6.
[6] *See id.* at 3–5, ¶¶ 11–20.

Association, which voted against the chief's move to reopen the 2018 agreement to make certain lateral hires.[7] For example, the police chief reassigned Plaintiff Association Secretary Eric Salazar and Association Trustee Arnoldo Ysquierdo from their favorable position in the Criminal Investigations Division (with better pay,[8] regular shifts, office space, and no need to wear uniforms) to regular patrol, "thereby causing them to lose the additional pay and favorable working conditions provided by Art. 19(5) of the Agreement."[9]

Within days after the police chief's personnel reassignment, Eric Salazar and Arnoldo Ysquierdo filed grievances pursuant to the 2018 agreement.[10] Both claim that their reassignment "was done [in part] for the illegal purpose of attempting to chill [their] right to freedom of association, guaranteed by the First Amendment to the Constitution of the United States."[11] Plaintiff alleges the police chief failed to respond or arbitrate pursuant to the agreement.[12] On April 9, 2020, Plaintiff filed a complaint in the 93rd Judicial District Court of Hidalgo County, Texas, bringing claims against Defendant City for declaratory judgment and breach of contract and seeking a permanent injunction compelling Defendant City to arbitrate Plaintiff's claims pursuant to the 2018 agreement.[13]

Defendant asserts that it was served on May 4, 2020, and removed on May 28th.[14] The parties now disagree on whether this case is properly before this Court. The motion to remand to state court is ripe for consideration.

## II. DISCUSSION

---

[7] *Id.*
[8] *See* TEX. LOC. GOV'T CODE ANN. § 143.042(b) (West 2020) ("The governing body of a municipality may authorize assignment pay for fire fighters and police officers who perform specialized functions in their respective departments.").
[9] *Id.*
[10] Dkt. No. 1-1 at 6, ¶¶ 21–23.
[11] *Id.* ¶¶ 21, 23.
[12] *Id.* ¶¶ 25–27.
[13] *Id.* at 8–10, ¶¶ 34–42.
[14] Dkt. No. 1 at 1, ¶¶ 3–4.

### a. Legal Standard

It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[15] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[16] While the Court has jurisdiction to determine its jurisdiction,[17] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[18] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[19] When the removing party claims federal question jurisdiction under 28 U.S.C. §§ 1331 or 1441, the removing party must demonstrate that the Court will be exercising its jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States."[20] "The defendant bears the burden of demonstrating that a federal question exists. A federal question exists if there appears on the face of the complaint some substantial, disputed question of federal law."[21] "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."[22] "[R]emoval statutes are to be strictly construed against

---

[15] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).

[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[17] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

[18] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[19] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

[20] 28 U.S.C. § 1331; *see* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

[21] *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (footnote omitted) (quotation omitted); *accord Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 552 (5th Cir. 2008) (holding that a complaint must raise an "essential element of a federal right" to present a federal question on its face).

[22] *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

removal; doubts as to removal are resolved in favor of remanding the case to state court."[23]
Specifically, the Court will resolve all legal and factual issues, doubts, and ambiguities in favor
of remand,[24] because the exercise of jurisdiction over a removed case "deprives a state court of a
case properly before it and thereby implicates important federalism concerns."[25]

### b. Analysis

Defendant points to specific paragraphs of Plaintiff's complaint as the basis for federal
question jurisdiction, which the Court will recount for purposes of analysis:

39. In their grievances, Eric Salazar and Arnoldo Ysquierdo both alleged that they
believed that their removal from the assignments to CID [Criminal Investigations
Division] were done to chill their expression of Freedom of Association
guaranteed by the First Amendment to the Constitution of the United States. If
Plaintiff's application is not granted, harm is imminent because Eric Salazar,
Arnoldo Ysquierdo, and the membership of Edinburg United will lose the right to
be free from discrimination based on association guaranteed by Article 21 of the
Agreement and by the First Amendment to the Constitution of the United States.

40. The harm is irreparable because there is no measure of damages that will
adequately compensate Edinburg United and its members, including Eric Salazar
and Arnoldo Ysquierdo, for the loss of their right to be free from discrimination
based on association guaranteed by Article 21 of the Agreement and by the First
Amendment to the Constitution of the United States.[26]

---

[23] *Tebon v. Travelers Ins. Co.*, 392 F. Supp. 2d 894, 898 (S.D. Tex. 2005) (Jack, J.) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) & *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)); *see Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted) ("[R]emoval statutes are to be construed strictly against removal and for remand.").
[24] *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *Guillory v. PPG Indus.*, 434 F.3d 303, 308 (5th Cir. 2005)); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("[T]he district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'" (alteration in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999))).
[25] *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (citations omitted) ("As a preliminary matter, we emphasize that the burden of establishing federal jurisdiction is placed upon the party seeking removal. Moreover, removal jurisdiction raises significant federalism concerns and we must therefore strictly construe removal jurisdiction."); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. . . . Thus, the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.").
[26] Dkt. No. 1-1 at 9, ¶¶ 39–40, *quoted in* Dkt. No. 1 at 3, ¶¶ 13–14.

4 / 6

Defendant also points to specific paragraphs of Plaintiff's complaint wherein Plaintiff alleges that Eric Salazar's and Arnoldo Ysquierdo's grievance alleged that the police chief's reassignment of the officers "was done for the illegal purpose of attempting to chill his right to freedom of association, guaranteed by the First Amendment to the Constitution of the United States."[27] The grievance form Plaintiff submitted to the American Arbitration Association also alleges "violation of the First Amendment."[28] Defendant asserts that Plaintiff's allegations are an attempt "to bring a federal 1st Amendment claim by proxy on behalf of individual employees in the guise of a contract violation."[29]

Plaintiff moves to remand, arguing that "[t]he only thing Edinburg United is attempting to do is to obtain an order compelling the City to comply with the 'Contract Dispute Procedures' found in Article 26 of the Agreement."[30] Plaintiff first argues that Article 26 "does not authorize individual bargaining unit members to pursue their own grievances beyond the initial filing."[31] However, Article 26 actually states the opposite, providing that any non-contractual dispute and all matters not covered by the agreement are not subject to the agreement's dispute procedure or arbitration.[32] Plaintiff next emphasizes the parts of the complaint that allege violation of the agreement, but ignores that the complaint also clearly alleges violation of the First Amendment.[33] Both federal and state claims may be asserted simultaneously; the assertion of one does not demote assertion of another. Plaintiff next argues that the real "thrust" of its complaint is the police chief's alleged violation of the agreement, the state law cause of action, and Plaintiff's prayer for a permanent injunction to compel arbitration.[34] Even if Plaintiff is correct, the only question for the Court is whether the face of the complaint alleges a federal cause of action or a disputed question of federal law, which the complaint does by alleging violation of

---

[27] Dkt. No. 1-1 at 6, ¶¶ 21, 23, *quoted in* Dkt. No. 1 at 2–3, ¶¶ 11–12.
[28] Dkt. No. 4-3 at 2.
[29] Dkt. No. 1 at 3, ¶ 16.
[30] Dkt. No. 4 at 4, ¶ 13.
[31] *Id.* at 5, ¶ 15.
[32] Dkt. No. 4-1 at 18, ¶ E.
[33] *See* Dkt. No. 4 at 5–6, ¶¶ 17–18.
[34] Dkt. No. 4 at 7, ¶¶ 21–22.

the First Amendment to the federal Constitution.[35] "The federal constitutional right asserted would exist even in the absence of this contractual provision. In other words, the contractual provision neither adds to, nor detracts from, the . . . constitutional rights being asserted."[36] Furthermore, even if Plaintiff asserts that the federal constitutional question should be submitted to arbitration pursuant to the agreement,[37] Defendant "denies that it agreed to have claims of a constitutional magnitude subject to an arbitral forum,"[38] so the question whether the parties have submitted the First Amendment dispute to arbitration is also an issue for the Court to determine.[39]

The Court holds that Plaintiff alleged a substantial and disputed First Amendment question in its complaint, which confers federal question jurisdiction on this Court. The Court will exercise supplemental jurisdiction over any state law claims in this case.[40] Plaintiff's motion to remand[41] is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of July 2020.

_____
Micaela Alvarez
United States District Judge

---

[35] *See Hitt v. Connell*, 301 F.3d 240, 245–46 (5th Cir. 2002) (recognizing a First Amendment associational right and cause of action for retaliation for a public employee's right to associate with a union).

[36] Dkt. No. 7 at 3, ¶ 13.

[37] *Cf.* Dkt. No. 4 at 7, ¶ 21.

[38] Dkt. No. 7 at 4–5, ¶ 22.

[39] *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002).

[40] *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

[41] Dkt. No. 4.