UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EDINBURG UNITED POLICE OFFICERS ASSOCIATION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:20-cv-00137 |
| CITY OF EDINBURG, TEXAS, | § § § | |
| Defendant. | § § | |

## OPINION AND ORDER

The Court now considers "Plaintiff, Edinburg United Police Officers Association's Unopposed Motion to Confirm Arbitration Award."[1] The Court also considers the parties' "Stipulation of Dismissal with Prejudice."[2]

Plaintiff's motion recounts the history of this case, acknowledges that Plaintiff prevailed in the arbitration that the Court ordered the parties to attend, and asks the Court to "confirm the arbitration award [and] enter judgment in accordance with the award" pursuant to Texas Local Government Code § 142.064(c).[3] That law, which the Court may consider pursuant to 28 U.S.C. § 1367 in its exercise of supplemental jurisdiction over Plaintiff's state law claim for breach of contract, provides in its entirety:

> A state district court of a judicial district in which the municipality is located has jurisdiction to hear and resolve a dispute under the ratified meet and confer agreement on the application of a party to the agreement aggrieved by an action or

---

[1] Dkt. No. 21. Confusingly the "Certificate of Conference" in the body of the motion says Defendant is opposed, *id.* at 1, ¶ 1, yet a stipulation signed by both parties indicates that Plaintiff's motion is unopposed. Dkt. No. 21-2 at 3, ¶ 9 (Defendant "does not oppose confirmation of the Award, provided that all abated claims and causes of action, state or federal, be dismissed with prejudice"). For this reason, the Court determines the motion is unopposed and considers the motion instanter.
[2] Dkt. No. 21-2.
[3] Dkt. No. 21 at 3–4, ¶¶ 10–13.

omission of the other party when the action or omission is related to a right, duty, or obligation provided by the agreement. The court may issue proper restraining orders, temporary and permanent injunctions, or any other writ, order, or process, including contempt orders, that are appropriate to enforcing the agreement.[4]

Plaintiff was a party with Defendant to the Meet and Confer Agreement.[5] Plaintiff alleged that its members were aggrieved by Defendant's chief of police's discriminatory personnel reassignments which allegedly violated Article 21 of the parties' Meet and Confer Agreement.[6] After the case was removed to this Court, the Court ordered certain claims to arbitration and stayed the remaining claims.[7]

Following a 5-day arbitration hearing, the arbitrator agreed with Plaintiff and issued an opinion and award in Plaintiff's favor.[8] The Court therefore finds that it has jurisdiction to resolve the dispute alleged in Plaintiff's complaint, specifically whether Defendant violated the Meet and Confer Agreement, and that the Court is empowered to issue appropriate orders to enforce the Meet and Confer Agreement and the decision of the arbitrator. Accordingly, the Court **GRANTS** Plaintiff's motion[9] and **CONFIRMS** the arbitrator's award, specifically the finding that Defendant violated Article 21 of the parties' Meet and Confer Agreement and that Defendant "City must now reassign Eric Salazar and Arnaldo Ysquierdo to the positions that each held in [the Criminal Investigations Division] on August 8, 2019 and grant them any back pay and benefits they have lost from August 8, 2019, until the time of their reassignment."[10]

The Court now turns to the parties' stipulation.[11] Therein, the parties agree that all claims not resolved by the arbitration award should be dismissed with prejudice provided that the Court

---

[4] TEX. LOC. GOV'T CODE ANN. § 142.064(c) (West 2021).
[5] Dkt. No. 1 at 2, ¶ 6.
[6] *Id.* at 8, ¶ 34.
[7] Dkt. Nos. 13, 15.
[8] Dkt. No. 20.
[9] Dkt. No. 21.
[10] Dkt. No. 20-1 at 30.
[11] Dkt. No. 21-2.

confirms the arbitration award and enters judgment consistent with the arbitrator's award.[12] Because the Court confirms the arbitrator's award, the parties have effectively stipulated to dismissal of any and all remaining claims with prejudice.[13] Accordingly, all of Plaintiff's claims not disposed of by the arbitrator's award are **DISMISSED WITH PREJUDICE**. The Court will enter final judgment consistent with this order.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 5th day of May 2021.

                                        Micaela Alvarez
                                  United States District Judge

---

[12] *Id.* at 3, ¶¶ 9–11.
[13] *See* FED. R. CIV. P. 41(a)(1)(A)(ii).